Good morning, Your Honors. I'm Erica Miles for the Attorney General. As was stated in our brief, the Court should dismiss this petition in its entirety for lack of jurisdiction because the criminal bar... Do you think that, despite the vigorous arguments we just heard from your adversary? This Court would only have jurisdiction if there is a colorable or viable legal or constitutional argument presented, and Mr. Cesar did not present any colorable constitutional issues. Briefly, as to his only application for relief or protection, that was a deferral of removal under the Convention Against Torture. This Court's decision in Ortiz-Franco from 2015 has settled the longstanding issue whether this Court could review factual challenges. It says it cannot, so he must have presented a legal or constitutional issue for this Court to review his challenge to the denial. He only takes issue with the correctness of the Immigration Judge's factual findings. He raises no legal issues in his less than one page of argument. Page 12-13 of his brief. The Court can't review it. The crux of his claim really was trying to take issue with Homeland Security's decision or determination to commence proceedings in the first place because his conviction, his last conviction, was in 2001. So it spanned 1988 to 2001, the charges underlying why they're seeking to remove him. And they didn't commence proceedings until 2015. Do you know why? Yeah. Why did they wait so long? I went through the record. The only reference I found was that he was picked up in a sweep. And it says on the record, page 89. Picked up in what? In a sweep, is what his counsel said. Yeah, his counsel did not elaborate. It just said a sweep 50, and that's all I could ascertain from how, you know, why now, why that day. But nevertheless, it's completely within Homeland Security's prosecutorial discretion to commence proceedings against someone who has an ongoing violation against the terms of their status in this country. And we have well-established case law and a statutory provision, 1252G, and Reno v. American Arab Anti-Discrimination Committee, saying that the court under 1252G lacks jurisdiction to review a determination to commence proceedings against an individual. He's framed his challenge as a due process challenge and also as a request that this court extend Sixth Amendment criminal protections to the immigration proceedings. But as to the latter, this court recently in Marin Marin, we gave you a 28-J letter on that case, reinforced the longstanding principle that immigration proceedings are civil, they're not punishment, and criminal protections under the Constitution do not apply. That's always seemed a little outrageous to me, but I appreciate that that is our precedent. Yes, and this court did just reiterate it since we closed briefing. What about the summary order in Aristogeda? Doesn't that suggest there might be a due process problem with delayed enforcement? Because it was five years there, here it's 14 years. What? And that's a summary order, I know it, but doesn't that suggest at least at some point there might be a due process? The only challenges that would implicate a due process challenge in immigration proceedings are challenges to whether or not there was fair notice or a fair hearing. In the absence of that, there is no due process challenge. Mr. Caesar does not claim that he did not receive fair notice. He does not claim that he didn't receive a fair hearing, so he has not raised a due process challenge. Here he just claims that they waited too long. It's almost as if he were looking for a statute of limitations rather than some sort of notice, because it was well established from 1988 to 2001, every time he was convicted, that that would make him removable. And again, under Marin Marin, the fact that the law at the time was clear that those types of convictions, or that being inadmissible in that case rendered you removable, was enough notice that you could be put into proceedings. And again, he has not challenged the actual proceedings themselves. Thank you very much. Thank you.